**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01793-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| v. | |
| Sharay Vontrice Calhoun, et. al., | |
| Defendants. | |

    The government has filed a motion to compel Defendants Muhammed Hussain Muhammed, Daris Laron Bush, Davaun Taijiddin Jones, William Jason Cobb, Dominic Kelon Chatman, Sharay Vontrice Calhoun, and Javonna Calhoun to provide buccal swabs for DNA testing. Doc. 271. Only Defendant Sharay Calhoun has filed a response opposing the motion. Doc. 272. The government filed a reply to Defendant Sharay Calhoun's response. Doc. 279. For the reasons that follow, the Court will deny the motion as to Defendant Sharay Calhoun and grant the motion as to all other Defendants.

    The superseding indictment charges Defendant Sharay Calhoun only with conspiracy to commit money laundering. Doc. 167 at 18-20. Count 36 alleges that "[t]he manner and means used to accomplish the promotional money laundering objectives of the conspiracy, included": (1) "the purchase of packaging and wrapping materials to conceal the marijuana and mask the odor so the marijuana could discreetly be transported"; (2) "the transportation of marijuana sales proceeds"; and (3) "the use of marijuana sales proceeds to pay for . . . expenses in order to facilitate drug transactions." *Id.* at 19. The alleged manner and means used to accomplish the money laundering

objectives of the conspiracy included: (1) "the use of nominee bank accounts"; (2) "the use of accounts at financial institutions"; (3) the invest[ment of] portions of the profits"; and (4) "the purchase of vehicles and hav[ing] them titled in nominee names, and [conducting] financial transactions in other organizational members' names in order to conceal the ownership of the vehicles." *Id.* at 19-20. The superseding indictment does not specify which defendant participated in what element of the scheme's objectives.

The Court must determine whether probable cause exists to permit the buccal swab testing of Defendant Sharay Calhoun. *Friedman v. Boucher*, 580 F.3d 847, 852 (9th Cir. 2009) ("There is no question that the buccal swab constituted a search under the Fourth Amendment."). The Supreme Court recently held that taking and analyzing a cheek swab of an arrestee's DNA is a legitimate police booking procedure that is reasonable under the Fourth Amendment, *Maryland v. King*, 133 S. Ct. 1958, 1966-80 (2013), but the government requests that the Court require DNA testing at a time when the interests identified in *King* – "the need for law enforcement officers in a safe and accurate way to process and identify the persons and possessions they must take into custody," *id.* at 1970 – no longer apply. As Defendant Sharay Calhoun submits, "to assert that the collection of DNA would be done as this point as part of legitimate police booking procedure would be a pretext; the defendant was arrested approximately eight (8) months ago." Doc. 272 at 4. For this reason, Defendant Sharay Calhoun argues that the government must establish probable cause. *Id.* at 3. The government appears to agree that probable cause is required.[1]  *See* Doc. 271 at 7-8; Doc. 279 at 2-3.

---

[1] The government's reply brief argues that the Fourth Amendment permits the taking and analyzing of a buccal swab based on the showing of "a reasonable basis or articulable suspicion." Doc. 279 at 2. The government cites to *Hayes v. Florida*, 470 U.S. 811, 817 (1985), and *Rise v. State of Or.*, 59 F.3d 1556, 1559 (9th Cir. 1995), for this proposition, but neither case stands for the principle that a showing of less than probable cause is sufficient to justify an investigatory search under the Fourth Amendment. In dicta, *Hayes* noted that "a brief detention in the field for the purpose of fingerprinting, where there is only reasonable suspicion not amounting to probable cause," may be permissible under the stop-and-frisk rule of *Terry v. Ohio*, 392 U.S. 1 (1968). *Hayes*, 470 U.S. at 817. *Rise* noted that same with respect to blood samples and DNA data banks "if the intrusion is only minimal and is justified by law enforcement purposes." 59 F.3d at 1159 (citing *Mich. State Police Dep't v. Sitz*, 496 U.S. 444, 450 (1990); *Terry*, 392 U.S. at 20). Here, Defendant was arrested months ago, has been

1 Accordingly, this search requires probable cause, which cases have described as a "'fair probability that contraband or evidence of a crime will be found in a particular place[.]'" *King*, 133 S. Ct at 1971 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Defendant argues that the government has not shown how her DNA would assist the government in its investigation of the money laundering charge. Doc. 272 at 3-4. The government's motion does not point to specific findings in the superseding indictment or other evidence that gives rise to probable cause, and the government has not submitted an affidavit supporting probable cause. *See* Doc. 271. The government's reply brief submits that "[t]here is a reasonable basis to believe that DNA analysis will establish or negate Defendant CALHOUN's connection with the crime of conspiracy to commit money laundering and possibly new crimes" because "Defendant CALHOUN has been charged with an offense involving items of evidence that will be tested in this case." Doc. 279 at 2. The government's motion identifies the following items of evidence that would be tested with the recovered DNA sample: a pistol, ammunition, marijuana (packaged by various means and in various quantities), packaging material utilized in the sale of marijuana, cellular telephones, and two digital scales. Doc. 271 at 4-7. Investigators seized these items of evidence while executing search warrants for the residence shared by Defendants Muhammed and Sharay Calhoun and for the residence of Defendant Cobb. *Id.* As to this evidence, the packaging material appears to be evidence associated with the money laundering charge, but the superseding indictment does not allege that Defendant Sharay Calhoun purchased or used packaging material as part of the scheme. As to the other physical evidence, the superseding indictment does not allege that these physical items were used in any way as part of the money laundering scheme. Without an affidavit or a specific finding in the superseding indictment giving rise to probable cause for the requested DNA search, the Court cannot find probable cause based on the government's conclusory allegations alone.

---

indicted and arraigned, and is represented by counsel. The typical considerations arising from a *Terry* stop simply do not exist.

The government also argues that Defendant Sharay Calhoun is "a potential suspect in the marijuana trafficking conspiracy because a pistol, ammunition, approximately one pound of marijuana, and packaging materials utilized in the sale of marijuana were found in her placed of residence." Doc. 279 at 3. The government submits that "[a]lternatively, the sample could exculpate Defendant CALHOUN of this potential new charge. Given that the home invasions occurred in Defendant CALHOUN's residence, her DNA could be on incriminating evidence, and a DNA sample would be necessary to eliminate her as a contributor or source of unknown DNA profiles found on evidence at the crime scenes." *Id.* Again, the government's bare assertions are not sufficient to support a finding of probable cause. *See Gates*, 462 U.S. at 239. Accordingly, the Court will deny the government's motion as to Defendant Sharay Calhoun.

**IT IS ORDERED** that the government's motion to compel defendants to provide buccal swabs for DNA testing (Doc. 271) is **granted** with respect to Defendants Muhammed Hussain Muhammed, Daris Laron Bush, Davaun Taijiddin Jones, William Jason Cobb, Dominic Kelon Chatman, and Javonna Calhoun, and **denied** with respect to Defendant Sharay Vontrice Calhoun.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to run from June 19, 2013.

Dated this 24th day of July, 2013.

David G. Campbell
United States District Judge