**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Muhammed Hussain Muhammed et.al,<br><br>             Defendant. | No. CR-12-01793-PHX-DGC<br><br>**ORDER** |

The government filed a superseding indictment in this case on February 27, 2013. Doc. 167. That indictment charges fifteen defendants on thirty-nine counts including conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute marijuana, conspiracy to commit money laundering, eleven counts of Hobbs Act robbery, twelve counts of drug distribution, and twelve counts of firearm violation. Defendant Muhammed Hussain Muhammed is one of the fifteen defendants charged under the indictment. Defendant has filed several pretrial motions. The motions are fully briefed and the parties were afforded an opportunity to make oral arguments at a hearing on September 4, 2013. This order will set forth the Court's rulings on the motions.

**I.     Motion for Bill of Particulars.**

     **A.     Legal Standard.**

Under Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars" if made "before or within 14 days after arraignment or at a later time if the court permits." Typically, "[a] motion for a bill of

particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The purposes of a bill of particulars are threefold:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).

The Supreme Court has held that "'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977) (quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1973)). The statutory language "'may be used in the general description of the offense, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Id.* (quoting *Hamling*, 418 U.S. at 117-18).

In determining whether a bill of particulars is required, the district court should consider whether the defendant has been advised adequately of the charges against him in the indictment and all other disclosures made by the government. *Long*, 706 F.2d at 1054. "Full discovery will obviate the need for a bill of particulars." *Id.* A defendant, however, "is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). A bill of particulars is not the proper vehicle for a defendant to obtain the names of any unknown co-conspirators, to determine the exact date on which the conspiracy allegedly occurred, or to delineate all other overt acts that

1  comprised the charged activity. *United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir.
2  1985), *amended by* 777 F.2d 543 (9th Cir. 1985). Unlike discovery, a bill of particulars
3  "is not intended to provide the defendant with the fruits of the government's
4  investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985). Rather, a
5  bill of particulars is intended to give a defendant "only that minimum amount of
6  information necessary to permit the defendant to conduct his *own* investigation." *Id.*
7  (emphasis in original).

### B.  Analysis.

Defendant has received nearly 40,000 pages of discovery. Doc. 276 at 2. Defendant claims, nonetheless, that the discovery fails to shed enough light on the substantive offenses to permit Defendant to make his own investigation and prepare for trial, avoid surprise at trial, and plead double jeopardy in the event of a subsequent prosecution. Doc. 276 at 4. The government almost conceded as much in its brief, assuring the Court that current and future discovery "will provide enough information to the defense that a bill of particulars is not needed." Doc. 285 at 5. It is not enough, however, to simply assure Defendant or this Court that the necessary facts are found somewhere in the tens of thousands of pages of discovery materials.

On the other hand, Defendant makes requests for specific facts in the government's possession to which he clearly is not entitled under Ninth Circuit law. For example, Defendant requests that the government provide "[t]he identity of unnamed co-conspirators." Doc. 276 at 4. Ninth Circuit law is clear that the government has no obligation to divulge names of co-conspirators and that a bill of particulars may not be used to obtain them. *See DiCesare*, 765 F.2d at 897. Supreme Court precedent suggests that an indictment will generally pass constitutional muster provided that the elements of the charged offenses are identified and the indictment is relatively specific as to time and place of the offenses. *See Wong Tai v. U.S.*, 273 U.S. 77, 81 (1927).

The Court concludes that the government need not divulge "[t]he identity of unnamed co-conspirators and/or percipient witnesses," Doc. 276 at 4, "[t]he identity of

uncharged persons who may be involved in each substantive count," *id*. at 5, "[t]he nature and circumstances of each individual defendant's participation," *id*., "[t]he dates each individual defendant joined and left each conspiracy," *id*., "[n]otice of the seizure, testing, and amount of marijuana seized," *id*., or, "[i]n regard to the Hobbs Act Robbery counts and related Firearm Counts, whether or not firearms were seized at the time of the offense, or at any other time," *id*. These requested facts are not necessary to "advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial, and after judgment be able to plead the record and judgment in bar of a further prosecution of the same offense." *Wong Tai*, 273 U.S. at 80-81. In contrast, the government does have an obligation to divulge, as accurately as it can, "[t]he precise dates for those substantive counts which do not have precise dates," Doc. 276 at 4, "[t]he locations of each substantive offense," *id*. at 5, and, "[i]n regard to the Hobbs Act Robbery counts and related Firearm Counts, the names of the victims" since these do appear necessary to enable Defendant to effectively prepare for trial and prevent future prosecution for the same events. *Id*. The Court will require that the government provide a bill of particulars concerning these matters within two weeks of this order.

**II.     Motion to Dismiss Multiplicitous Counts.**

    **A.     Legal Standard.**

The Double Jeopardy Clause precludes the government from dividing a single conspiracy into multiple charges and pursuing successive prosecutions against a defendant. *United States v. Vaughan*, 715 F.2d 1373, 1375 (9th Cir. 1983). To sustain a claim of multiplicitous counts, a defendant must demonstrate that the conspiracies alleged are indistinguishable in law and in fact. *Id*. at 1376. It is the defendant's burden "to establish that [the] conspiracies charged are the same." *United States v. Bendis*, 681 F.2d 561, 564 (9th Cir. 1981).

Neither party has cited the correct test to be applied in this situation. Both parties cite a five-factor analysis adopted by the Ninth Circuit in *Arnold v. United States*, 336 F.2d 347 (9th Cir. 1964), which is applied to prevent "subdivision of a single conspiracy

into multiple violations of *one conspiracy statute*." *United States v. Montgomery*, 150 F.3d 983, 989 (9th Cir. 1998) (emphasis added). The conspiracies alleged in this case are not derived from one conspiracy statute. *Arnold* and its progeny in this Circuit build upon the foundation of *Braverman v. United States*, 317 U.S. 49 (1942). Those cases involve multiple conspiracy counts based upon a single conspiracy statute. *See, e.g., United States v. Smith*, 424 F.3d 992 (9th Cir. 2005) (applying the *Arnold* test to multiple conspiracies alleged under 18 U.S.C. § 371); *United States v. Montgomery*, 150 F.3d 983 (9th Cir. 1998) (applying the *Arnold* test to multiple conspiracies alleged under 21 U.S.C. § 846); *United States v. Bendis*, 681 F.2d 561 (9th Cir. 1981) (applying the *Arnold* test to multiple conspiracies alleged under 18 U.S.C. § 371).

This case turns upon a different line of authority. In *Albernaz v. United States*, 450 U.S. 333 (1981), the defendants were involved in one agreement that had two objectives: (1) import marijuana and (2) distribute that marijuana within the United States. *Id*. at 335. The defendants were charged and convicted under separate criminal statutes: 21 U.S.C. § 963 (conspiracy to import) and 21 U.S.C. § 846 (conspiracy to distribute domestically). In deciding that the separate, consecutive punishments under these statutes did not offend the Double Jeopardy Clause, the Supreme Court used the test found in *Blockburger v. United States*, 248 U.S. 299 (1932):

> Petitioner's contention that a single conspiracy, which violates both § 846 and § 963 constitutes the "same offense" for double jeopardy purposes is wrong. We noted in *Brown v. Ohio*, that the established test for determining whether two offenses are the "same offense" is the rule set forth in *Blockburger* – the same rule on which we relied in determining congressional intent…. It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. This is true even though the "single transaction" is an alleged agreement or conspiracy.

450 U.S. at 344-45. *Albernaz* has not been overruled. Therefore, when considering alleged violations of separate conspiracy statutes, as in this case, a court should resolve double jeopardy motions by using the *Blockburger* test: "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

**B.  Analysis.**

Under *Blockburger*, Counts 1, 2, and 36 are not multiplicitous.  The conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951, the conspiracy to possess with intent to distribute marijuana under 21 U.S.C. §§ 841 and 846, and the conspiracy to commit money laundering under 18 U.S.C. § 1956(h) each requires proof of a fact which the other statutes do not.  The § 1951 offense requires the government to prove that Defendant conspired to obstruct, delay, or affect commerce or the movement of any article in commerce by robbery or extortion, which neither § 846 nor § 1956 requires.  18 U.S.C. § 1951(a).  The § 846 offense requires the government to prove Defendant conspired to possess with intent to distribute a controlled substance, which neither § 1951 nor § 1956 requires.  21 U.S.C. §§ 841(a)(1), 846.  The § 1956(h) offense requires the government to prove Defendant conspired with others knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, which neither § 1951 nor § 846 requires.  18 U.S.C. § 1956(a)(1).  The Court must accordingly deny Defendant's motion to dismiss multiplicitous counts.

**III.  Motion for Partial Discovery of Grand Jury Testimony.**

**A.  Legal Standard.**

Under Rule 6(e) of the Federal Rules of Criminal Procedure, the Court "may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]"  Fed. R. Crim. P. 6(e)(3)(E)(ii); *see Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 219-22 (1979) (discussing the purposes behind grand jury secrecy and stating that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.").  A request for grand jury information is within the sound discretion of the Court.  *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986).  The Court should order disclosure of

grand jury transcripts "when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'" *Id.* (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)); *see Dennis v. United States*, 384 U.S. 855, 870 (1966) (affirming the "particularized need" standard).

### B. Analysis.

Defendant's request for grand jury transcripts is based on document 295-2, which contains a brief outline and summary of Counts 7, 8, and 9 of the First Superseding Indictment. The information in document 295-2 provides: "[t]his robbery or 'lick,' was completed in EDWARDS's apartment and MUHAMMED was cut out of the lick. This robbery crew spoke with MUHAMMED and explained they were going to do the licks without MUHAMMED because he always received more stolen marijuana than anyone else without ever putting himself in danger." Defendant's motion argues that he did not participate in the robbery described in Counts 7-9, and the grand jury's decision to indict him on these counts therefore could not have been based on probable cause.

To the extent Defendant seeks access to the transcript of the grand jury proceedings to challenge the probable cause findings made by the grand jury, such a challenge would be impermissible. Circuit precedent clearly precludes a defendant's motion to open grand jury proceedings if made solely to facilitate an attack on the indictment based on lack of probable cause. *See United States v. Vallez*, 653 F.2d 403, 406 (9th Cir. 1981) ("An indictment cannot be attacked on the ground that the evidence before the grand jury was incompetent or inadequate.").

At oral argument, Defendant's counsel asserted that document 295-2 shows that prosecutorial misconduct occurred before the grand jury because the grand jury never would have indicted him in the absence of misconduct. But access to grand jury transcripts is generally not available to enable defendants to discover whether prosecutorial misconduct occurred. *United States v. Bennett*, 702 F.2d 833, 836 (9th Cir. 1983) (holding that the district court properly denied the defendant's motion for disclosure of grand jury transcripts because "[t]he defendant's assertion that he ha[d] no

way of knowing whether prosecutorial misconduct occurred [did] not constitute a particularized need outweighing the need for grand jury secrecy.").

Defendant argues that document 295-2 creates a likelihood of prosecutorial misconduct, thereby giving rise to a particularized need for the grand jury transcript in this case. The Court does not agree. Document 295-2 contains no suggestion of prosecutorial misconduct, and Defendant has cited no other evidence of such misconduct. Defendant instead suggests that document 295-2 shows a lack of probable cause, which in turn suggests misconduct. Accepting such an argument would mean that defendants could obtain grand jury transcripts any time they suggest a lack of probable cause, a result that would be clearly inconsistent with the Ninth Circuit precedent cited above.

Moreover, this Court is not persuaded that document 295-2 shows a lack of probable cause. The government asserts that Defendant was indicted in Counts 7-9 on a theory of aiding and abetting. Aiding and abetting requires that Defendant knowingly and intentionally aided, counseled, commanded, induced or procured others to commit the crime. *See* Ninth Circuit Model Criminal Jury Instructions § 5.1 (2010). The information provided in the document 295-2 does not rule out the possibility that Defendant encouraged, facilitated, or otherwise aided and abetted the crimes alleged in Counts 7-9. The Court must accordingly deny Defendant's motion for partial discovery of grand jury testimony.

**IT IS ORDERED:**

1. Defendant's motion for a bill of particulars (Doc. 276) is **granted in part and denied in part** as set forth above.
2. Defendant's motion for dismissal of multiplicitous counts (Doc. 149) is **denied**.

3. Defendant's motion partial discovery of grand jury testimony (Doc. 295) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 2/19/2013.

Dated this 16th day of September, 2013.

_____
David G. Campbell
United States District Judge