**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01793-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Muhammed Hussain Muhammed, | |
| Defendant. | |

Defendant Muhammed Hussain Muhammed is an inmate with the Federal Bureau of Prisons ("BOP"). Due to ongoing health concerns from the COVID-19 pandemic, Defendant has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 888. The government has filed a response. Doc. 890. No reply has been filed. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In May 2014, Defendant received a 15-year prison sentence after pleading guilty to using a firearm during a drug trafficking crime resulting in death, in violation of 18 U.S.C. § 924(c) and (j)(1). Doc. 698. Defendant presently is confined at the federal correctional institution in Lompoc, California ("FCI-Lompoc"). *See* Federal BOP, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited June 11, 2020). His projected release date is September 3, 2025. *See id.*

Defendant asserts that he is at high risk from the coronavirus because he has hypertension. Doc. 888 at 2. He notes that numerous inmates and several staff members at FCI-Lompoc have tested positive for COVID-19. *Id.*[1] The government argues that the motion must be denied because Defendant has not exhausted his administrative remedies with the BOP. Doc. 890 at 1, 7-11. The Court agrees.

## II. Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners. *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)). A prisoner may bring a motion for compassionate release only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. § 3582(c)(1)(A); *see United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020).

---

[1] Most of the inmates and all staff members who tested positive have recovered. *See* Federal BOP, COVID-19, Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited June 11, 2020); *see also United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *3 (D. Nev. June 3, 2020) (noting that COVID-19 case numbers at FCI-Lompoc have fallen substantially); *United States v. Stone*, No. 2:16-CR-00038-MCE, 2020 WL 2836794, at *4 (E.D. Cal. June 1, 2020) (explaining that the risk of death posed to inmates housed at FCI-Lompoc from COVID-19 are less than those posed to the general public).

### III. Defendant's Motion.

Defendant filed no request for compassionate release with the warden of FCI-Lompoc. He asserts that "it would be futile to attempt to exhaust his administrative remedies because he may be dead before the time for such remedies has expired." Doc. 888 at 3.

But the requirement to exhaust administrative remedies or wait 30 days after the warden receives a request for compassionate release is mandatory and cannot be waived by the Court. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's motion was futile because he "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point").[2] Thus, while the Court does not take lightly Defendant's concerns about exposure to COVID-19 during his confinement with the BOP, the Court lacks authority to grant his motion. *See Weidenhamer*, 2020 WL 1929200, at *2; *United States v. Arciero*, No. CR 13-001036 SOM, 2020 WL 3037073, at *4 (D. Haw. June 5, 2020) ("Because Arciero has failed to exhaust her prison administrative remedies, this court lacks the authority to grant the relief she requests"); *United States v. Gray*, No. 18CR2118-JLS, 2020 WL 2991514, at *2 (S.D. Cal. June 4, 2020) ("The record establishes that neither Defendant nor his counsel have submitted a request for Section 3582(c) relief to the warden

---

[2] The Sixth Circuit recently held that the administrative exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional and instead is a mandatory claim-processing rule that binds courts when properly asserted by the government and not forfeited. *United States v. Alam*, --- F.3d ---, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020); *see also United States v. Adkins*, No. 19-CR-00651-BAS-1, 2020 WL 3058097, at *1 (S.D. Cal. June 9, 2020) ("Although this Court finds that such exhaustion is mandatory, the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion."). The Ninth Circuit has not yet addressed this issue.

of the facility.  Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met.").[3]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 888) is **denied**.

Dated this 11th day of June, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[3] Given this ruling, the Court need not address whether Defendant has shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i).