WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Muhammed Hussain Muhammed,<br><br>    Defendant. | No. CR-12-01793-001-PHX-DGC<br><br>**ORDER** |

Defendant Muhammed Hussain Muhammed is an inmate with the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), Defendant has filed a motion for compassionate release due to ongoing health concerns and the COVID-19 pandemic. Doc. 944. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In February 2014, Defendant pled guilty to use of a firearm during a drug trafficking offense resulting in death. *See* Docs. 3 (Count 35), 552, 702. He received a 15-year prison sentence in May 2015. Doc. 698. Defendant presently is confined at the federal correctional institution in Lompoc, California ("FCI Lompoc"). *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 20, 2022). His projected release date is September 3, 2025. *See id.*; Doc. 944 at 2.

Defendant moved for compassionate release in April 2020. Doc. 888. The motion was denied because Defendant had not exhausted his administrative remedies. Doc. 891.

Defendant filed a renewed motion, through appointed counsel, in October 2020. Doc. 903. Defendant sought compassionate release due to his obesity, hypertension, and COVID-19. *Id.* at 5. The Court denied the motion because Defendant had not shown extraordinary and compelling reasons warranting a sentence reduction and the sentencing factors in 18 U.S.C § 3553(a) did not support early release. Doc. 919.

Defendant made a request for compassionate release to the warden at FCI Lompoc in June 2022, but has received no response. Doc. 944 at 2, 8. Defendant filed the present motion in September 2022. The government filed a response in opposition. Doc. 952. Defendants filed no reply.

## II.     Compassionate Release Under § 3582(c) and the First Step Act.

"District courts can modify prison sentences only in limited circumstances set out by federal statute." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)). Section 3582(c), as amended by the First Step Act of 2018 ("FSA"), "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *Id.*; *see* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). "Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted his administrative appeal rights of the [BOP's] failure to bring such a motion on the inmate['s] behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with 'applicable policy statements' issued by the United States Sentencing Commission." *United States v. Burnett*, No. CR17-0029JLR, 2022 WL 2440079, at *2 (W.D. Wash. July 2, 2022).[1] Section 3582(c)(1)(A) "also instructs the court

---

[1] There is no Sentencing Commission policy statement specifically applicable to § 3582(c)(1)(A) motions filed by defendants. The policy statements that apply to such motions filed by the BOP "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The relevant policy statement provides that a defendant may be eligible for compassionate release if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the

to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate." *Burnett*, 2022 WL 2440079, at *2.

The burden rests with Defendant to show that he "has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exist' to warrant [his] release." *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Although Defendant has exhausted his administrative remedies (*see* Doc. 944 at 2), he fails to establish extraordinary and compelling reasons warranting compassionate release under § 3582(c).

### III. Defendant's Motion.

#### A. No Showing of Extraordinary and Compelling Reasons.

Defendant has served 10 years of his 15-year sentence. *See* Doc. 944 at 2. He seeks a sentence reduction to time served, claiming that he has a heightened risk of becoming severely ill from an anticipated winter COVID-19 surge due to his obesity, hypertension, and "chronic stress." Doc. 944 at 1-3, 5.

As previously explained, Defendant already has contracted COVID-19 and has not suffered more than mild symptoms from the virus. Doc. 919 at 4. BOP medical records show that Defendant tested positive for COVID-19 on May 7, 2020. Doc. 903-4 at 4. More than two months later, on July 17, 2020, Defendant complained of headaches, cough, chest pain, and shortness of breath. *Id.* at 8. During examinations by the BOP medical staff, Defendant appeared well and alert with no significant respiratory distress. *Id.* at 8-11; Doc. 944 at 12. He was prescribed an albuterol inhaler to be used as needed for shortness of breath. Docs. 903-4 at 11, 944 at 14. Four days later, Defendant was treated with an antibiotic (azithromycin) and a cough suppressant (benzonatate) for an upper respiratory infection. Doc. 903-4 at 2, 12-13. On July 24, 2020, Defendant had an electrocardiogram test, the results of which were normal, and was prescribed a low-sodium diet and

---

community"; and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; *see also id.* cmt. n.1 (outlining four categories of circumstances that may constitute "extraordinary and compelling reasons" for compassionate release – serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons").

medications (lisinopril and hydrochlorothiazide) for his hypertension. *Id.* at 2, 14-16; *see* Doc. 944 at 16.

The BOP medical records from 2020 do not show that Defendant has a serious medical condition that is not being treated, including his alleged "Post Acute COVID-19 Syndrome[.]" Doc. 944 at 3, 10-17. And Defendant presents no new medical records to support his renewed request for compassionate release.[2]

Noting that the number of COVID-19 infections may rise this winter, Defendant claims that a second bout with the virus could be dire given "the plethora of unknowns surrounding the new subvariants[.]" *Id.* at 5. While COVID-19 reinfections do occur, the Centers for Disease Control and Prevention ("CDC") has found that "[a]fter recovering from COVID-19, most individuals will have some protection from repeat infections." CDC, *Reinfections and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Dec. 20, 2022). The fact that Defendant "has recovered and did not suffer severe effects from his COVID-19 infection also undercuts his argument that the chance for reinfection constitutes extraordinary and compelling reasons." *United States v. Nash*, No. CR-03-00059-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021).

The Court finds that the chance of a COVID-19 reinfection does not meet the high bar of an extraordinary and compelling reason warranting release. *United States v. Ieremia*, No. 16-CR-00744-DKW-1, 2021 WL 67313, at *4 (D. Haw. Jan. 7, 2021); *see Nash*, 2021 WL 1969729, at *2 (explaining that courts in this circuit "have held that 'the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release'") (citations omitted); *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances

---

[2] Defendant asserts that the BOP medical staff has not checked for secondary hypertension symptoms or treated his chronic stress. Doc. 944 at 4; *see also id.* at 27 (noting that he scored high on a stress test he found in a book titled "The Relaxation of Stress Reduction Workbook"). But Defendant identifies no BOP records in which he sought medical care for potential secondary hypertension symptoms and his alleged stress.

surrounding Defendant's health or treatment are extraordinary or compelling. Arguments . . . that Defendant could suffer reinfection are not persuasive and the Court will not speculate about these possibilities."); *United States v. Logan*, No. 1:15-cr-00027-MR-WCM, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *United States v. Stukes*, No. 7:05-CR-140-FL, 2020 WL 6567134, at *3 (E.D.N.C. Nov. 9, 2020) ("[T]he hypothetical possibilities of reinfection and developing severe complications if reinfection occurs – where such complications did not develop with [Defendant's] first infection – are too remote to satisfy the extraordinary and compelling circumstances test.").[3]

Defendant asserts that FCI Lompoc has been one of the hardest hit federal prisons during the pandemic, and one of the most neglectful. Doc. 944 at 3-4. But the BOP presently reports that no inmates or staff at FCI Lompoc are positive for COVID-19. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Dec. 21, 2022). And Defendant has not otherwise shown that he is more likely to become reinfected at FCI Lompoc than if he were to be released. *See* Doc. 944 at 15.

Defendant's confinement at FCI Lompoc is not an extraordinary and compelling reason for early release. *See United States v. Shahbazpour*, No. 4:18-cr-00557-JD-2, 2020 WL 3791633, at *2 (N.D. Cal. July 7, 2020) ("While [FCI Lompoc] has hardly been a model of effective infection monitoring or control, the immediate threat to Shahbazpour has passed with no serious long-term complications for him. That is enough to find that he

---

[3] The BOP offered Defendant the first dose of the COVID-19 vaccine in March 2021, but Defendant refused the vaccine. Defendant changed his mind and has been placed on the BOP's schedule to receive the vaccine. *See* Doc. 952 at 14. Once fully vaccinated, Defendant's risk of becoming severely ill from a second infection will decrease. *See* CDC, *Getting Your COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect.html ("Getting a COVID-19 vaccine after having COVID-19 provides added protection against the virus[.]") (last visited Dec. 21, 2022); *United States v. Davis*, No. CR-09-00131-PHX-DGC, 2022 WL 901433, at *3 (D. Ariz. Mar. 28, 2022) ("According to the CDC, authorized vaccines . . . are highly effective at protecting vaccinated people against symptomatic and severe COVID-19.") (citations and quotation marks omitted).

has not proffered an extraordinary and compelling reason for release[.]"); *United States v. Alvarez*, No. 3:18-CR-158-SI-01, 2020 WL 3047372, at *5 (D. Or. June 8, 2020) (denying compassionate release to an inmate with multiple risk factors who tested positive for COVID-19 and recovered with no serious complications at FCI Lompoc).[4]

### B. The Section 3553(a) Factors Do Not Support Compassionate Release.

The Court also must consider whether the applicable § 3553(a) factors permit Defendant's early release. 18 U.S.C. § 3582(c)(1)(A). Defendant and his codefendants engaged in serious criminal conduct – a large drug trafficking operation that robbed its victims with firearms. One of the robberies resulted in a victim's death. Defendant pled guilty to that crime in exchange for the dismissal of more than 30 other serious charges. *See* Docs. 3, 698, 702. To date, Defendant has served only two-thirds of his 15-year sentence. *See* Doc. 944 at 2.

Defendant states that he has done some soul searching and has read several self-help books that have reformed his thought patterns. *Id.* at 5. Defendant also notes that he has taken numerous BOP classes and has served as an orderly during the pandemic. *Id.* Defendant's rehabilitation efforts while in prison are very commendable, but releasing him from prison at this time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. *See United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2). And this conclusion would not change when considering Defendant's post-offense conduct.").

---

[4] Defendant contends that the conditions of confinement at FCI Lompoc are unconstitutional. Doc. 944 at 3-4. But any Eighth Amendment claims challenging the conditions of his confinement "are not properly brought in a motion for compassionate release." *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (citations omitted); *see United States v. Valencia-Cortez*, No. 16CR0730-H, 2022 WL 36513, at *4 (S.D. Cal. Jan. 3, 2022) ("To the extent that the Defendant is requesting early release based on Eighth Amendment grounds, the Court concludes that § 3582(c)(1)(A)(i) is not the proper vehicle to seek remedies for these alleged constitutional violations.").

## C. Conclusion.

Because Defendant has not shown extraordinary and compelling reasons, and release at this time would not serve the purposes of § 3553(a), the Court will deny his motion for compassionate release.

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 944) is **denied**.[5]

Dated this 23rd day of December, 2022.

David G. Campbell
Senior United States District Judge

---

[5] Defendant's alternative request that the Court allow him to serve the remainder of his sentence on home confinement (Doc. 944 at 1) is denied because the "[BOP] has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Gago*, No. 1:16-cr-00123-DAD-BAM-3, 2021 WL 2550864, at *8 n.8 (E.D. Cal. June 22, 2021) (citation omitted); *see also Davis*, 2022 WL 16793425, at *1-2 (discussing home confinement under 18 U.S.C. § 3624(c) and the CARES Act).

7